

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00044-CR

TAJUAN MURTEZ DENT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 415th District Court
Parker County, Texas[1]
Trial Court No. CR19-0488, Honorable Roy Graham Quisenberry, Presiding

April 28, 2020

## ORDER OF ABATEMENT AND REMAND

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Tajuan Murtez Dent, appeals his conviction for evading arrest with a previous conviction for evading arrest,[2] enhanced, and sentence to nine years' confinement. Appellant's brief was originally due March 30, 2020, but was not filed. By letter of April 6, 2020, we notified appellant's counsel that the brief was overdue and

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] TEX. PENAL CODE ANN. § 38.04(b)(1)(A) (West 2016).

admonished him that failure to file a brief by April 16 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. To date, appellant's counsel has not filed a brief or had any further communication with this Court.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1.    whether appellant desires to prosecute the appeal;

2.    whether appellant is indigent;

3.    why a timely appellate brief has not been filed on behalf of appellant;

4.    whether appellant's counsel has abandoned the appeal;

5.    whether appellant has been denied the effective assistance of counsel;

6.    whether new counsel should be appointed; and

7.    if appellant desires to continue the appeal, the date the Court may expect appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by May 28, 2020. If it is determined that appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, email address, phone number, and state bar number of any newly-appointed counsel shall be included in the aforementioned findings. Should further

time be needed to perform these tasks, then same must be requested before May 28, 2020.

It is so ordered.

Per Curiam

Do not publish.